**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Sandra L. WEAVER; Richard**
**Buschman, Defendants–**
**Appellants.**

No. 01–10438, 01–10504.
D.C. No. CR–97–00312–FCD.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 9, 2002.

Decided May 22, 2002.

Before O'SCANNLAIN and
TALLMAN, Circuit Judges, and KING,*
District Judge.

### MEMORANDUM **

Sandra Weaver and Richard Buschman appeal from their conviction, following a bench trial, on multiple counts of mail fraud and one count each of equity skimming. The facts and prior proceedings are known to the parties; they are not cited herein, except as necessary.

In this disposition, we address only Weaver and Buschman's mail fraud convictions. We consider their equity skimming convictions in a separate, concurrently filed opinion for publication.

We reject the appellants' argument that the proof at trial amounted to a constructive amendment of the indictment warranting reversal. "[T]he divergence between the indictment and proof did not affect the sufficiency of the complaint or alter the crime charged. It did not constitute a constructive amendment." *United States v. Von Stoll,* 726 F.2d 584, 587 (9th Cir.1984). Proof at trial did detail a scheme to defraud homeowners, whereas the indictment charged a scheme to defraud lenders; however, this "variance between indictment and proof does not require reversal unless it affects the [defendants'] substantial rights," *id.* (quoting *United States v. Kaiser,* 660 F.2d 724, 730 (9th Cir.1981)) (internal quotation marks omitted), and we discern no such prejudice here. The *facts* charged in the indictment matched the evidence presented at trial, giving the appellants adequate notice; the "single divergence" was "the identity of the person[s] ... defrauded" by the course of criminal conduct, which we have previously held "irrelevant" to a fraud conviction. *Id.* at 586, 587.

We also conclude that sufficient evidence supported each of the counts of conviction. Construing all reasonable inferences in the government's favor, as we must, we conclude that a reasonable factfinder could find all the elements of mail fraud beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

The government adequately proved the existence of a scheme to defraud. Even assuming that the victims could not reasonably have relied on conclusions of law

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

offered by laymen like Weaver and Buschman, there was evidence that the defendants engaged in material misrepresentations of *fact* about the common law lien strategy, and that they used these misrepresentations to persuade the homeowners to deed over their property and make rental payments in the mistaken belief that the defendants' promised course of action might bring results. They also allowed at least one client to operate under the mistaken belief that Hall was a lawyer. *See United States v. Beecroft*, 608 F.2d 753, 757 (9th Cir.1979) ("[T]he concealment of material facts is actual fraud under the statute.").

The same conduct supports the district court's conclusion that Weaver and Buschman acted with the requisite fraudulent intent. *See id.* ("Intent ... may be inferred from the defendant's statements and conduct."). Further, evidence of their real estate training supports the inference that they would have known that the common law lien strategy was meritless and thus that they intended to defraud when they continued to peddle it.

Thus, we conclude that a rational factfinder could reasonably have found all the elements of mail fraud beyond a reasonable doubt. We therefore affirm the judgment of the district court on the mail fraud counts.

AFFIRMED.